OPINION *Page 2 
{¶ 1} Defendant-appellant James D. Pahoundis appeals the January 16, 2007 Judgment Entry of the Coshocton County Court of Common Pleas denying his motion for leave to file an untimely petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On April 13, 2005, a jury found appellant guilty of one count of tampering with evidence, in violation of R.C. 2921.12(A)(2) and one count of tampering with a vehicle identification number, in violation of R.C. 4549.62(A).
 {¶ 3} The evidence presented at trial established on May 4, 2004, a red tow truck was stolen from a Guernsey County resident. During an airplane overflight, law enforcement officials observed the truck on the property upon which Appellant resided. Law enforcement officials entered the property, without a warrant, but with Appellant's consent, and inspected the vehicle. Appellant told the officers he purchased the tow truck, and retrieved a title to show to the officers. The officers compared the VIN number of the vehicle with the VIN number on the title. The VIN numbers did not match. Appellant then produced a second title, matching the VIN number on the red tow truck, but the second title was to a one-ton Chevrolet pickup truck. The officers also observed the rivets holding the VIN plate on the dash of the tow truck were new and shiny, while the VIN plate itself showed signs of deterioration.
 {¶ 4} On June 7, 2004, the officers returned to Appellant's property, and discovered the tow truck was gone. Appellant denied having any knowledge of the tow truck. The tow truck was never recovered. *Page 3 
 {¶ 5} Appellant was indicted on January 24, 2005, and counsel was appointed to represent him due to his indigent status. Counsel for Appellant did not file a motion to suppress the evidence.
 {¶ 6} Following the jury verdict, the trial court sentenced Appellant to four years on count one, and eleven months on count two.
 {¶ 7} Appellant filed an appeal with the Court on April 15, 2005. The same public defender prosecuted the appeal on behalf of Appellant. On November 15, 2005, this Court affirmed Appellant's conviction.
 {¶ 8} Appellant filed a pro se notice of appeal to the Ohio Supreme Court on January 30, 2006, concurrent with a motion for delayed appeal. On March 29, 2006, the Supreme Court denied the motion for delayed appeal.
 {¶ 9} On February 10, 2006, Appellant filed a pro se motion to reopen his appeal with this Court, arguing his sentences were improper and the ineffective assistance of appellate counsel. On February 23, 2006, this Court denied the motion to reopen.
 {¶ 10} On September 12, 2006, Appellant moved the trial court for leave to file a petition for post-conviction relief, after having obtained private counsel. The trial court denied the motion, via Judgment Entry, on January 16, 2007.
 {¶ 11} Appellant now appeals, assigning as error:
 {¶ 12} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO [SIC] FOR LEAVE FILE FOR POST CONVICTION RELIEF."
 {¶ 13} In his sole assignment of error, appellant Argues the trial court erred in denying his motion for leave to file his untimely petition for post-conviction relief. *Page 4 
 {¶ 14} Our standard of review is abuse of discretion. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In applying the abuse of discretion standard on review, we may not merely substitute our judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161.
 {¶ 15} R.C. Section 2953.23(A) governs an untimely filing of a petition for post-conviction relief:
 {¶ 16} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 17} "(1) Both of the following apply:
 {¶ 18} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 19} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a *Page 5 
sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 20} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71
to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
 {¶ 21} If a petition for post-conviction relief is untimely filed, a trial court has jurisdiction to entertain the petition only if the limited conditions of R.C. 2953.23(A) are satisfied. State v. Ayala
(Nov. 10, 1998), 10 Dist. No. 98AP-349; State v. Hanks (June 25, 1998), 10 Dist. No. 98AP-70.
 {¶ 22} In State v. Hanks, supra, the Tenth District held:
 {¶ 23} "Under these provisions, a trial court has jurisdiction over an untimely filed petition only if two conditions are met. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition or that the United States Supreme Court has, since the deadline for filing his petition, recognized a new federal or state right that applies retroactively to the petition. R.C. 2953.23(A)(1). Second, the petitioner must show by clear and convincing evidence that *Page 6 
no reasonable fact finder would have found him guilty but for a constitutional error at trial. R.C. 2953.23(A)(2).
 {¶ 24} "Here, we need only address the first requirement, as appellant's failure in this regard jurisdictionally barred his petition. In his petition, appellant made no claim that was based on any new federal or state right applied retroactively to appellant and announced by the United States Supreme Court since June 4, 1996. Similarly, appellant's petition did not rely upon any facts of which he was unavoidably prevented from discovering.
 {¶ 25} "First, appellant's claims of juror prejudice and ineffective assistance of counsel were based upon matters existing in the original trial record-i.e., the original indictment and trial transcript. As such, appellant was not unavoidably prevented from discovering such facts. Second, the basis for appellant's claim of insufficiency of the evidence and alleged entitlement to re-sentencing were not the type of facts of which R.C. 2953.23(A)(1)(a) refers. "Rather, the `facts' contemplated by this provision are the historical facts of the case, which occurred up to and including the time of conviction." State v.Czaplicki (May 29, 1998), Montgomery App. No. 16589, unreported. Thus, neither the victim's present-day belief as to the motivation of appellant nor the enactment of S.B. 2 in July 1996, are historical facts to which the statute refers, let alone ones that appellant was unavoidably prevented from discovering. See Czaplicki (enactment of legislation is not a fact contemplated by R.C. 2953.23(A)(1)(a); untimely petition based upon claimed retroactive application of S.B. 2 could not be maintained under R.C. 2953.23 [A]). Because appellant did not rely upon a new federal or state right announced by the United States Supreme Court or rely upon any facts he was *Page 7 
unavoidably prevented from discovering, appellant failed to satisfy the first requirement under R.C. 2953.23(A) for allowing an untimely petition to be entertained."
 {¶ 26} Similar to Hanks, the Appellant in the case sub judice does not rely upon a new federal or state right announced by the Supreme Court or upon any facts he was unavoidably prevented from discovering. Again, the facts contemplated by the provision are historical facts, occurring up to and including the time of conviction. All of the claims in Appellant's petition are based upon facts and circumstances which occurred and were known to Appellant prior to or during trial. Appellant was present at trial, and was not unavoidably prevented from discovering these facts. The proffering of a new legal theory based upon previously known or discoverable facts does not relieve a defendant of timely filing his or her petition for post-conviction relief.
 {¶ 27} Further, Appellant has not demonstrated by clear and convincing evidence that, but for the asserted constitutional claims at trial, no reasonable factfinder would have found him guilty of the offenses for which he was convicted.
 {¶ 28} Based upon the foregoing, the trial court did not abuse its discretion in denying Appellant's motion for leave to file his untimely petition for post-conviction relief.
 {¶ 29} Appellant's sole assignment of error is overruled. *Page 8 
 {¶ 30} The January 16, 2007 Judgment Entry of the Coshocton County Court of Common Pleas is affirmed.
Hoffman, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the January 16, 2007 Judgment Entry of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1